## SOCIETY OF MIDDLESEX HUSBANDMEN AND MANUFACTURERS *vs.* EBENEZER DAVIS.

The acceptance of an act of incorporation may be proved by showing the exercise of the corporate powers therein granted, without proof of a vote of acceptance by the corporate body.

Where an act of incorporation directed in what manner the first meeting for the organization of the corporation should be called, and it was shown, that at the first meeting the proper officers were elected in due form, and no defects were shown in the subsequent proceedings of the corporation, for twenty years or more ; it was held that there was sufficient presumptive proof of its original organization, although it did not appear how the first meeting was called.

An incorporated agricultural society passed a by-law, that every man, who should pay $ 5 to its treasurer, should thereby become a member of the corporation during his life, and be entitled to all the privileges and benefits, as such, without any further assessment : A. gave his note for $ 5, payable to the corporation, with interest annually, on its being represented to him that he would thereby become a member of the corporation, and that the note would constitute part of a capital stock of $ 3000, which the corporation wished to raise in order to entitle it, under *St.* 1818, *c.* 114, to draw from the State treasury $ 200 for each $ 1000 thus raised : The corporation obtained $ 1770 in similar notes of $ 5 each, and a like sum in other funds and stocks, and drew from the State treasury $ 600 yearly, for fifteen years or more after A.'s note was given. In a suit by the corporation against A. on said note, *held* that it was not given on a misrepresentation ; that it was given on a good and sufficient consideration ; and that the consideration had not failed.

ASSUMPSIT on a promissory note for five dollars, dated October 20th 1824, payable to the plaintiffs, with interest annually The action was commenced before a justice of the peace, and was carried by appeal into the court of common pleas. In that court, the defendant filed a specification of defence, requiring the plaintiffs to prove their case in legal form, and relied on being able to prove that the note declared on was obtained by false representations, and was given without consideration, or that the consideration, if any, had failed.

The plaintiffs produced an act ( *St.* 1802, *c.* 94,) incorpora ting " The Western Society of Middlesex Husbandmen," and also the *St.* of 1819, *c.* 73, by which it was enacted, that said · orporation should thereafter be called and known by the name n which they brought this action. In the first of these statutes were the following provisions : " That every person being a member of the Massachusetts Society for promoting Agriculture

shall be considered as an honorary member of the Western So-
ciety of Middlesex Husbandmen, and shall have a right to as-
semble and vote at all meetings thereof : "   " That the end and
design of the institution hereby incorporated is to promote useful
improvements in agriculture : "   " That Ebenezer Bridge, Esq.
be authorized to appoint the time and place for holding the first
meeting of said society, and to notify the members thereof, by
publishing the same in one or more newspapers printed in Bos
ton, 14 days at least before the time of such meeting."

The plaintiffs then produced books of records to show the
acceptance of said act of 1802, and an organization under it.
These books had belonged to an unincorporated association, that
had borne the same name from the year 1794.   It appeared
from the entries in these books, that said association, on the 18th
of October 1802, appointed a committee to petition the legisla-
ture for an act " to incorporate them into a body politic."   It
further appeared from these books, that on the 25th of April
1803, the Western Society of Middlesex Husbandmen met at
Westford — 21 members being present — and voted that the 3d
Monday of the following October should be the day " for hold-
ing the first meeting of the society under the incorporating act ;
to be held at Littleton ; " and that the choice of officers for
that year should be " deferred to the abovesaid day : "   That
on the 19th of October 1803, said society met at Littleton —
19 members being present — and chose a president, two vice-
presidents, two secretaries, four trustees, and a treasurer :
That on the 19th of October 1819, the president of the society
was appointed " to apply to the legislature to alter the corporate
name of the society," so that it might thereafter be called " The
Society of Middlesex Husbandmen and Manufacturers."

The plaintiffs also proved, that from and after the date of the
act of 1819, c. 73, the recording secretary uniformly designated
the society by the name given to it by that act.

Abel Moore, the subscribing witness to the note in suit, testi-
fied that he procured the defendant to give said note, and that
it was given on his representation, that by giving it, the defend-
ant would become a member of the corporation, and that the

note would constitute a part of the capital or fund of $ 3000, which the corporation wished to raise, in order to entitle it, as an agricultural society, under *St*. 1818, *c*. 114, to draw from the treasury of the Commonwealth $200 for each $1000 raised, as a fund or capital, by the corporation ; and that there was no other consideration for the note.

It was proved that the plaintiffs had, at the time of the trial, about $ 1770 in notes of five dollars each, and a like amount in other funds and stocks, and that, by virtue thereof, their secretary had drawn from the treasury of the Commonwealth $600 each year since 1824.

To show that the defendant became a member of the society by giving this note, the plaintiffs introduced the following vote from their records and by-laws, adopted September 27th 1819 : "Any gentleman, paying to the treasurer the sum of five dollars, shall thereby become a member of the society during his lifetime, and be entitled to all the privileges and benefits, as such, without any other assessment whatever."

The defendant objected that the records, which were produced, did not show an acceptance or adoption by the plaintiffs of the original act of incorporation, or of the act of 1819, changing the name of the corporation ; that there was no evidence that the first meeting was called agreeably to the requisition of the incorporating act ; and that the corporation never was organized according to that act. He further objected, that the note was given without consideration, because he did not, by giving it, become a member of the corporation, and because it did not constitute part of such a fund as by the true construction of *St*. 1818, *c*. 114, authorized an agricultural society to draw money from the treasury of the Commonwealth : That the note was obtained by mistaken and false representations and was therefore void.

These objections were overruled, and the case was brought into this court upon exceptions.

*H. H. Fuller*, for the defendant. There was no meeting for organization under the act of incorporation ; nor does it appear that any notice of the first meeting was published in a newspaper,

as that act required. The members of the Massachusetts Agricultural Society were to be members of this corporation ; but it does not appear that they have ever been recognized as such The plaintiffs assumed to act alone under a charter granted to them and others.

It was represented to the defendant, that he would, by giving this note, become a member of the corporation, and that it would constitute part of a fund which would entitle the corporation to receive money from the State. But there is no evidence that the defendant has ever been permitted to act as a member ; and the note was not part of such a fund as *St.* 1818, *c.* 114, contemplated. That statute extended only to a society that should " *raise* and *put out* to interest, as a capital stock appropriated for the uses of said society, the sum of $ 1000." S. P. Rev. Sts. *c.* 42. *Hibernia Turnpike Road* v. *Henderson,* 8 S. & R. 219. *Centre &c. Turnpike Road Co.* v. *M' Conaby,* 16 S. & R. 140.

*Nelson,* for the plaintiffs. It is not necessary to prove an express acceptance of a charter — especially where it is petitioned for by those to whom it is granted. *Charles River Bridge* v. *Warren Bridge,* 7 Pick. 470. The plaintiffs have acted under the statute incorporating them ; and their acceptance of it is a legal inference from their acts. If the notice of the first meeting, which was prescribed by that statute, was not merely directory, it is to be presumed, unless the contrary is shown, that such notice was given. As the plaintiffs' records have been kept in their altered name, they have thereby sufficiently adopted the statute which changed their corporate name. Angell & Ames on Corp. 48. 128. *Bank of U. States* v. *Dandridge,* 12 Wheat. 71. *Proprietors of Canal Bridge* v. *Gordon,* 1 Pick. 297. *The King* v. *Amery,* 1 T. R. 575.

There was a good consideration for the note, and there has been no failure thereof. *Chester Glass Co.* v. *Dewey,* 16 Mass. 94. *Farmington Academy* v. *Allen,* 14 Mass. 172. *Homes* v. *Dana,* 12 Mass. 190. The *St.* of 1818, *c.* 114, required that the plaintiffs should offer premiums, &c. and this was a sufficient consideration for the note. The question of investment is one

between the plaintiffs and the treasurer of the Commonwealth, and the defendant cannot raise it.

WILDE, J.   Two objections have been urged by the defendant's counsel to the plaintiff's right of action, upon the facts proved at the trial.   The first is, that there is no sufficient evidence of the plaintiffs' acceptance of their act or charter of incorporation, granted in 1803, or of their legal organization according to the provision of that act, or of their acceptance of the additional act of 1819, *c.* 73.   The second objection is, that the note in suit was given without consideration, and was obtained from the defendant by the misrepresentations of the plaintiffs' agent.

As to the first objection, it is true that it does not appear by the records of the society that the act of incorporation has been accepted by an express vote to that effect ; nor does it appear in what manner the first meeting of the corporation was called : But the presumptive proof, both of the acceptance of the act of incorporation, and of the legal organization of the society, is exceedingly strong, and quite as satisfactory as direct evidence. That such presumptive evidence is admissible and proper is fully maintained by the decisions in *Dedham Bank* v. *Chickering*, 3 Pick. 335, and in *Bank of U. States* v. *Dandridge*, 12 Wheat. 71, and by the numerous authorities cited in the latter case.   By these authorities it is now well settled, whatever may have been the ancient doctrine as to corporations, that as the acts of private persons, even of the most solemn nature, may be presumed, or proved by presumptive evidence ; so as to the acts of a corporation, if they cannot be reasonably accounted for but on the supposition of other acts done to make them legally operative and binding, they are presumptive proofs of such other acts.   Thus, as deeds and grants to private persons, which are beneficial to them, are presumed to have been accepted, so also may the acceptance of an act or charter of incorporation, beneficial to the corporation, be presumed, for the like reason.   And a long lapse of time, and the continued exercise of the corporate powers granted to a corporation, sufficiently justify the presumption of the acceptance of the

charter. So if a particular charter is applied for, and it is granted, the acceptance may be presumed from such previous application. All these grounds of presumption seem to concur in the present case ; and we think, therefore, that the presumptive proofs of the acceptance of the act of incorporation, and the organization of the society, are full and satisfactory.

We think also that there is no ground on which the second objection can be supported. . By a vote of the corporation, any person might become a member thereof, by paying to the treasurer the sum of $ 5, and should thereby be entitled to all privileges and benefits, as such, without any further assessment whatever. And it was proved that the note in suit was given on the representation by the plaintiffs' agent to the defendant, that by giving said note he would become a member of said corporation ; and that the note so given would become a part of a fund which the corporation wished, in order to entitle them to certain privileges as an agricultural society. This representation was true ; it appearing that the note was received in payment of the sum required to be paid according to said vote. This was a good and legal consideration for the note. The case of the *Hibernia Turnpike Road* v. *Henderson*, 8 S. & R. 219, is not applicable. In that case, the act of incorporation required that every subscriber for stock should, previous to the time of subscription, pay $ 5 for each share subscribed. No such sum was paid by the defendant in that case, nor was any note or security given therefor ; and the case was decided on the illegality of the transaction. In the present case, there was nothing illegal in the transaction. The note was given *bonâ fide,* and being received in payment of the sum required to be paid, by the vote of the corporation, to entitle the defendant to become a member thereof, it was a substantial compliance with the said vote, and was equivalent to the payment of $ 5 in money.

                  *Judgment for the plaintiffs.*